UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD ALLEN JOHNSON,<br><br>Defendant. | 4:14-CR-40083-KES<br><br>ORDER ON DEFENDANT'S MOTION FOR DISCOVERY DOCKET NO. 76 |

**INTRODUCTION**

Defendant Todd Allen Johnson is before the court on a superseding indictment charging him with possession of 50 grams or more of methamphetamine between April 30, 2014, and May 1, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). See Docket No. 33. Mr. Johnson now moves the court to require the United States of America (government) to reveal the identity of the source of information (SOI) referenced in paragraphs 1 and 2 of the Affidavit in support of Search Warrant prepared by Detective Dan Christenson. See Docket No. 47-1. The government resists the motion. See Docket No. 77. This matter was referred to this magistrate judge for decision pursuant to the October 16, 2014 standing order of the Honorable Karen E. Schreier, district judge, and 28 U.S.C. § 636(b)(1)(A).

## FACTS

Previously in this case, Mr. Johnson filed a motion to suppress certain evidence gained by police through a seizure and search of his trash and a subsequent search warrant that was executed at his home, on his two vehicles, and on his person. At the evidentiary hearing on the motion to suppress, the affidavit in support of the search warrant was introduced into evidence. See Exhibit 5 from the suppression hearing.

The first two paragraphs of the affidavit in support of the search warrant were as follows:

> 1. On 4-3-14, I conducted a post-Miranda Interview with a source of Information (SOI) who wished to provide Information against their own penal interest. They will be referred to as SOI 1 for the remainder of this affidavit. SOI 1 stated that their source for methamphetamine is a black male named Todd who is approximately 48 years old. SOI 1 described Todd as being approximately 6'00 tall, 215 pounds, with a goatee and glasses. SOI 1 stated they have met Todd several times and have purchased several ounces of meth from him In 1/8 ounce and 1/4 ounce quantities over the past 6 weeks. SOI 1 stated that Todd is a "big meth dealer" for Sioux Falls. SOI 1 stated Todd has shown them 12-15 ounces of meth at a time. SOI 1 stated they purchased ¼ ounce of meth from Todd three days ago. SOI 1 always meets Todd somewhere in Sioux Falls, and Todd usually shows up in a maroon Cadillac. SOI 1 has also seen Todd in an older blue Chevy car. SOI 1 showed me Todd's number In SOI 1's phone, which was listed as "Todd" with a phone number 605-[XXX-XXXX].
>
> 2. I conducted a search of the phone number SOI 1 provided for Todd on the internet. I found that it belonged to Todd Allen. Johnson DOB [X-XX-XXX] with a recent address near Colome, SD. I ran a driver's license check on Johnson and obtained a

photograph of him. Johnson is a black male who is 5'10, 210 pounds, with a goatee and glasses.

See Docket No. 47-1 at p. 2.[1]

Mr. Johnson believes he may know the identity of SOI 1 named in the above passage from the affidavit. If he is correct, he believes he has evidence which will show that SOI 1 was not truthful in their discussion with Detective Christensen and that SOI 1 had a motive to fabricate evidence against Mr. Johnson. The government asserts that it does not intend to provide the names of any persons (presumably the government means unidentified informers) unless the government will call that person as a witness at trial. Notably, the government does not represent that SOI 1 will *not* be a witness at trial, which of course leaves open the possibility that SOI 1 *will* be a witness at trial.

## DISCUSSION

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court recognized the "informer's privilege," that is, the government's privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. The Supreme Court provided the following rationale for the privilege:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials

---

[1] Out of privacy concerns, this court redacted the phone number and date of birth, which are recited in full in Exhibit 5.

3

and, by preserving their anonymity, encourages them to perform that obligation.

Id.

The Court carved out a number of exceptions to the privilege in accordance with its underlying purpose. Id. at 60. First, the contents of a communication between an informant and law enforcement are not privileged when the contents "will not tend to reveal the identity of an informer." Id. Secondly, the privilege is no longer applicable once law enforcement discloses the identity of the informant. Id.

A third limitation "arises from the fundamental requirements of fairness" and stems from the defendant's need to prepare an adequate defense. Id. at 61, 62. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. The Eighth Circuit has provided the following guidance on determining when disclosure is appropriate:

> While there is no litmus test for determining when disclosure is required, we have held that perhaps the most important factor for a court in this circumstance to consider is whether the [confidential informant's] information is material to the defense. '[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' Consequently, 'disclosure is typically not required when the informant merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense.

United States v. Lapsley, 334 F.3d 762, 764 (8th Cir. 2003) (additional citations omitted).

> In determining whether disclosure is required, the threshold issue is whether the informant is a material witness. Disclosure of the confidential informant is not mandated 'unless it is vital to a fair trial.' 'Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense.' However, if the informant acts as a mere ' 'tipster,' i.e., a person who merely conveys information but does not witness of participate in the offense,' disclosure is not required. The defendant has the burden of showing materiality, which 'requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant.'

Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (additional citations omitted); see also United States v. Crenshaw, 359 F.3d 977, 1005 (8th Cir. 2004) (quoting United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997)) ("However, '[i]t is well established that in 'tipster' cases, where the informant is not a necessary witness to the facts, disclosure of the informant is not required.' "); United States v. Gonzalez-Rodriguez, 239 F.3d 948, 951 (8th Cir. 2001) ("A defendant bears the burden of demonstrating that disclosure is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial.").

The defendant bears the burden of demonstrating a need for the disclosure of a confidential informant's identity. Lapsley, 334 F.3d at 763; United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998). "The court must weigh 'the defendant's right to information against the government's privilege to withhold the identity of its confidential informants.' " Lapsley, 334 F.3d at 763-64 (quoting United States v. Fairchild, 122 F. 3d 605, 609 (8th Cir. 1997)) (additional citation omitted). Rather than establishing a "fixed rule" on the issue of disclosure, the Supreme Court has adopted a balancing test, weighing

5

"the public interest in protecting the flow of information against the individual's right to prepare his defense," and taking into account "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Rovario, 353 U.S. at 628-29.

Here, the court finds Mr. Johnson has established the materiality of SOI 1's identity. SOI 1 was not a mere tipster. SOI 1 was a key witness who both allegedly saw Mr. Johnson commit the crime he is accused of and who also participated in the crime along with Mr. Johnson (SOI 1 said they purchased several ounces of meth from Mr. Johnson over the course of six weeks). The court notes, however, that the search warrant relies on incriminating information about Mr. Johnson's drug dealing from a number of sources, so SOI 1 is by no means the sole accuser or source of incriminating information. Although neither party enlightens the court as to the evidence in this case as a whole and how great a part of that total picture SOI 1's testimony is likely to be, the court believes nevertheless that SOI 1's testimony is "material."

**CONCLUSION**

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that defendant Todd Allen Johnson's motion for discovery [Docket No. 76] is granted. The government shall disclose the identity of SOI 1 to defendant within 15 days of the date of this order.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Fed. R. Crim. P. 59(a) Objections must be timely and specific in order to require review by the district court.

DATED this 24th day of September, 2015.

BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge