UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD ALLEN JOHNSON,<br><br>Defendant. | 4:14-CR-40083-01-KES<br><br><br>ORDER SUSTAINING OBJECTION TO<br>MAGISTRATE JUDGE'S ORDER |

**NATURE AND PROCEDURE**

Defendant, Todd Allen Johnson, moves for an order directing the United States to disclose "the name of the source of information number 1 . . . referenced in the Affidavit in Support of Search Warrant in paragraphs 1 and 2. Docket 47-1." Docket 76 at 1. The motion was referred to the magistrate judge for resolution under 28 U.S.C. § 636(b)(1)(A). The magistrate judge issued an order granting Johnson's motion. Docket 78. The United States objects to the magistrate judge's order. Docket 81.

**LEGAL STANDARD**

This court's review of a magistrate judge's order is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. A district court may set aside the magistrate judge's order on any pretrial matter if it is shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). This standard

affords deference to the magistrate judge, and the order will not be set aside unless the court is "left with the definite and firm conviction that a mistake has been committed." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999) (citing *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)).

## FACTS

On July 8, 2014, the grand jury indicted Johnson on possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Docket 2. Four months later, the government filed a superseding indictment alleging possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Docket 33. The superseding indictment charged Johnson with intent to distribute 50 grams or more of actual methamphetamine as opposed to the mixture of methamphetamine charged in the original indictment. *Id.*

On February 10, 2015, Johnson filed a motion to suppress all evidence seized from his residence, vehicles, and person. Docket 40. This court largely adopted the magistrate judge's report and recommendation denying Johnson's motion to suppress evidence. Docket 65. Johnson now moves the court to require the United States to disclose the name of one of its sources of information. Docket 76. Johnson argues such a disclosure would show the search warrant was issued based on false or misleading information. *Id.* The affidavit in support of the search warrant stated that a source of information (SOI 1) purchased methamphetamine from Johnson six weeks prior to his arrest. Docket 78 at 2. In contrast, the United States argues it is not required to disclose SOI 1's identity

2

unless the United States calls SOI 1 as a witness at trial. Docket 81 at 8. The
United States also argues in the alternative that any disclosure mandated by the
court should be limited to an *in camera* review. *Id.* at 12.

## DISCUSSION

The Supreme Court has recognized "the Government's privilege to withhold
from disclosure the identity of persons who furnish information of violations of law
to officers charged with enforcement of that law." *Roviaro v. United States*, 353
U.S. 53, 59 (1957). The Court explained the privilege exists to protect "the public
interest in effective law enforcement." *Id.* Citizens are more likely to report crimes
to law-enforcement officials if they are able to remain anonymous. *Id.* On the other
hand, the privilege is not absolute. *Id.* at 60. If disclosure of an informant's identity
"is relevant and helpful to the defense of an accused" or "essential to a fair
determination of a cause," disclosure is necessary. *Id.* at 60-61. The court must
weigh these competing interests against each other. *United States v. Harrington*,
951 F.2d 876, 877 (8th Cir. 1991) (citing *Roviaro*, 353 U.S. at 59)).

When weighing the interests of the accused against the interests of the
public, the court considers the "particular circumstances of each case, taking into
consideration the crime charged, the possible defenses, the possible significance of
the informer's testimony, and other relevant factors." *Id.* (citing *Roviaro*, 353 U.S.
at 62). The Eighth Circuit Court of Appeals has stated: "Certainly one of the most
relevant factors to be weighed by the court is whether or not the evidence is
*material* to the accused's defense or a fair determination of the cause." *United
States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973). "[E]vidence is material only if
there is a reasonable probability that, had the evidence been disclosed to the

defense, the result of the proceeding would have been different." *Harrington*, 951 F.2d at 878 (citing *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir. 1987)). Thus, "[a] determination by the trial court as to the materiality of the informant's possible testimony is . . . a crucial factor in determining whether to order disclosure of an informant's identity." *United States v. Grisham*, 748 F.2d 460, 463 (8th Cir. 1984).

The Eighth Circuit Court of Appeals has acknowledged "the difficulty a defendant may have in showing that an informant the defendant does not know has information material to his defense." *Grisham*, 748 F.2d at 460. The court explained, however, the remedy is an *in camera* review of the informant's testimony. *Id.* at 464. "Such a procedure limits the extent of the disclosure of the informant's identity and information, and protects the state's interest in avoiding unnecessary disclosure." *United States v. Lapsley*, 263 F.3d 839, 842 (8th Cir. 2001).

Finally, this court notes that the most analogous precedent to Johnson's case appears to be *Harrington.* In *Harrington*, the defendants were indicted on charges of "conspiracy to possess with intent to distribute cocaine base" and "knowing and intentional possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1)." *Harrington*, 951 F.2d at 877. The United States later dismissed the conspiracy charge. *Id.* Defendants then moved to suppress evidence and for the disclosure of the informant's identity. *Id.* The informant in *Harrington* allegedly had made controlled buys from the defendants for 8 months prior to the defendants' arrests, including the day immediately preceding the arrests. *Id.* at 877-78. The district court denied the motion to suppress but

granted the motion to disclose. *Id.* at 877. The Eighth Circuit Court of Appeals

vacated the order and remanded the case explaining:

> Although the informant made controlled buys from the apartment and
> observed the cocaine one day prior to the warrant's execution, the
> informant neither witnessed nor participated in the search of the
> apartment. Furthermore, following the dismissal of Count I, the
> defendants were no longer charged with conspiracy to sell cocaine,
> but with possession with intent to distribute. The government
> indicated that it did not intend to call the informant to testify about
> any purchases made at the apartment; the arrests were based solely
> on quantities of cocaine found in the apartment at the time of the
> execution of the search warrant. Because the informant could not
> offer any evidence bearing on the possession charges against the
> defendants, disclosure of the informant's identity would not aid in
> insuring the defendants' a fair trial. The defendants here have not met
> their burden of demonstrating the need for disclosure.

*Id.* at 878 (citations omitted).

The facts of Johnson's case are substantially similar to *Harrington*. The

defendants in *Harrington* and Johnson were all charged with possession with the

intent to distribute. In both cases the informants allegedly made purchases from

the defendants prior to the defendants' arrests, and neither informant was present

at the place where the warrants were executed. Additionally, like the defendants in

*Harrington*, Johnson is not being charged with conspiracy to distribute a controlled

substance.

The cases are different, however, in that the United States has not indicated

whether or not it plans to call SOI 1 as a witness at trial. It is unclear whether the

United States plans to introduce evidence regarding the purchases made by SOI 1.

Because of this uncertainty, this court finds it necessary to conduct an *in camera*

review of SOI 1's name to determine what relevance it has to Johnson's trial. If the

court finds that disclosure of SOI 1's name is necessary to ensure Johnson has a fair trial, the court will disclose the name of SOI 1 to Johnson and his counsel.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that the United States shall produce the name of SOI 1 to the court for an *in camera* hearing by December 2, 2015. The court will determine at that time whether SOI 1's name will be disclosed to Johnson and his counsel.

DATED this 19th day of November 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE